**In re the Vacation of a Portion of a Road Known as SUMMERSET ROAD Situated In BRANDYWINE HUNDRED, NEW CASTLE COUNTY, State of Delaware.**

Superior Court of Delaware.

New Castle.

Nov. 10, 1969.

Martin I. Lubaroff, Wilmington, for petitioners.

Robert E. Daley, Wilmington, for New Castle County.

## OPINION ON MOTION TO STRIKE APPLICATION OPPOSING ROAD CLOSURE; MOTION GRANTED

QUILLEN, Judge.

The record shows that on July 17, 1969, the petitioners filed a petition to vacate a portion of Summerset Road, a proposed order appointing viewers (five freeholders), a form for the oath of the viewers, and a proposed order for the return of the viewers. On July 30, 1969, the Court signed the order appointing the viewers and directed the viewers to view the premises and make return on August 15, 1969. On August 4, 1969, the viewers executed the form of oath previously filed. And, on August 4, 1969, the viewers executed under oath, before a notary public in the Prothonotary's Office, the return on the form previously filed.

On August 12, 1969, New Castle County filed objections in the Prothonotary's Office to the closure of the road in question. On August 15, 1969, at the normal civil motion hour, the return of the viewers was noted in open Court. At the same time, the attorney for the County appeared with a witness to press the County's objections.

The petitioners then moved to strike the objections on two bases. First, the petitioners contend the objections were not made in a timely fashion. Second, the petitioners contend that New Castle County does not have standing to object to the vacation of a public road under 17 Del.C. § 1305. I consider only the contentions raised by the parties and specifically note that there has been no constitutional attack made against the statutory procedure. It is interesting to compare our statute with Pennsylvania's statute. See 36 P.S. §§ 1761–2032 and note 20 following § 1785. Our statute could conceivably present some due process problems.

The first ground is without merit. Even assuming that 17 Del.C. § 1305 is the only procedure under which an objection could be taken, which assumption this Court finds correct later in the opinion, the portion of the statute relied on by the petitioners, "within 15 days after the filing of such return", does not dictate that the objections in this case were not timely. The petitioners base their argument on the ground

that the order provided that the return should be made on August 15, 1969.

Under the facts of this case, it appears somewhat doubtful whether the return was actually made on August 4th or August 15th. In either event, I am satisfied that the objections are timely since they were filed within 8 days of the August 4th execution of the return in the Prothonotary's Office and the written objections were incorporated in the oral application by the County's attorney pressing the objections after the return was noted in open Court on August 15, 1969. The County has certainly made a timely application.

In support of their second argument, the petitioners make two essential points. First, they contend that the phrase "party in interest" as used in Chapter 13 of Title 17 is intended to include only those individuals with property interests who would suffer damages as set forth in 17 Del.C. §§ 1305 and 1306, and to whom notice must be given by 17 Del.C. § 1302. In support of this point, they contend that "party in interest" does not include New Castle County because the statute specifically requires that notice be given to the State Highway Department or "any party in interest", thus indicating that the Legislature did not consider the State Highway Department a party in interest. Second, they contend that the statutory history demonstrates that the State Highway Department was substituted for the President of the Levy Court at the time jurisdiction of certain public roads was transferred from the Levy Court to the State Highway Department indicates that the Legislature intended to eliminate the standing of the New Castle County government to object.

The County claims that, independent of statutory standing, it has, at the return of the first freeholders' commission, a right to object to the closure of the road before the Superior Court. No authority has been cited for this proposition. The whole procedure is a creature of the statute and it is difficult without any authority to understand where any independent right to object arises. Since the County has neither cited any constitutional provision nor any rule of common law to support its contention, the contention must be rejected.

It seems clear that the term "party in interest" in 17 Del.C. § 1305 means, for the purpose of that section, a party claiming a pecuniary loss from the vacation of the road. That section does not give the Court power to determine the merits of a road vacation case, but merely directs that the Court shall appoint a commission of review which, if granted "upon the application of a person interested", is limited to damages. The freeholders' commission and the commission of review are the fact finders under the statute and not the Court. Moreover, a review of damages is the sole remedy under § 1305 for a "party in interest". The County has not demonstrated any such financial interest nor indeed does it claim any such financial interest. I therefore conclude that, in this case, the County is not a "party in interest" under 17 Del.C. § 1305. The result may have been different under the statutory provisions before the 1911 statute limiting the role of the commission of review. See In re Long Point Road, 5 Har. 152 (Super.Ct.1849); 26 Del. Laws. Ch. 169 (1911); Rev.Del.Laws. Ch. 60, p. 491, 493 (1852); Rev.Del.Laws, Roads and Bridges, Ch. I, p. 465, 469 (1829). In any event, the deliberate legislative policy now present cannot be ignored.

It seems equally clear that the Legislature in 1935 delegated to the State Highway Department the exclusive authority to represent the public interest by direct application to the Court after the return of the first freeholder commission. 17 Del. C. §§ 1302 and 1305. Under the statute as it now stands, only when application is made by the State Highway Department does the commission of review get precisely the same instructions as the first commission of freeholders, including the instruction to determine if the road is unnecessary and ought to be vacated.

The County does not come before the Court to assert a pecuniary interest in this road. Rather the County comes as a public representative to oppose the closure. The statute limits that privilege, at least at this late stage of the proceedings, to the State Highway Department. There having been no constitutional or other legal principle counter or supplemental to the statute relied by the County, the statute must govern.

It almost goes without saying that this statute is an incredible anachronism which should be drastically altered or repealed.

The petitioners' motion to strike is granted. It is so ordered.